1 | JOHN R. TATE (State Bar No. 73836)
      JohnTate@dwt.com
2 | KATHLEEN H. DRUMMY (State Bar No. 76281)
      KathleenDrummy@dwt.com
3 | ANNA R. BUONO (State Bar No. 232753)
      AnnaBuono@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, 24th Floor
5 | Los Angeles, California  90017-2566
    Telephone:  (213) 633-6800
6 | Fax:  (213) 633-6899

7 | Attorneys for Defendants
    ST. JOSEPH HOSPITAL ORANGE
8 | and ST. JOSEPH HEALTH SYSTEM
    (erroneously sued as ST. JOSEPH HEALTH)
9 |

10 |

11 |                    UNITED STATES DISTRICT COURT

12 |                   CENTRAL DISTRICT OF CALIFORNIA

13 |

| | |
|---|---|
| 14 NANCY BINNELL, on behalf of herself and all others similarly situated, | Case No. **8:20-cv-00447 DOC (ADSx)** Assigned to the Hon. David O. Carter |
| 15 Plaintiff, | **DEFENDANTS ST. JOSEPH HOSPITAL ORANGE AND ST. JOSEPH HEALTH SYSTEM'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)** |
| 16 |  |
| 17 vs. |  |
| 18 ST. JOSEPH HOSPITAL ORANGE, ST. JOSEPH HEALTH, PARATUS PARTNERS LLP, and DOES 1-10, inclusive, |  |
| 19 |  |
| 20 Defendants. | [*Request for Judicial Notice Concurrently Filed; [Proposed] Order Concurrently Lodged*] |
| 21 |  |
| 22 |  |
| 23 | Date:    August 24, 2020 Time:    8:30 a.m. Ctrm:    9D |
| 24 |  |
| 25 | Action Filed:  March 4, 2020 |

26 |

27 |

28 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................. 3

II.   RELEVANT ALLEGATIONS AND BACKGROUND ............................... 4

    A.   Plaintiff's Allegations and Procedural Posture ..................................... 4

    B.   California's Hospital Lien Act Provides Hospitals With Recourse Against Third-Party Tortfeasors............................................ 5

III.  THE COMPLAINT DOES NOT STATE FACTS THAT ENTITLE PLAINTIFF TO RELIEF.................................................................. 7

    A.   Plaintiff's Claims Are Precluded Because Medicare Is Not The Primary Payer And Permits Payment To Providers From Liable Third Parties. ......................................................................... 8

    B.   The Complaint Additionally Should Be Dismissed In Its Entirety Because Plaintiff Did Not Allege That She Exhausted Her Administrative Remedies. ............................................................. 12

    C.   Even If Not Barred, Each of Plaintiff's Claims Are Individually Defective.................................................................................... 15

         1.   Plaintiff's FDCPA and RFDCPA claims are time-barred. ...... 15

         2.   Plaintiff Fails to State a Claim Under Either the FDCPA or the RFDCPA............................................................... 16

         3.   Plaintiff's Second, Third, and Fourth Causes of Action Are Each Barred By the Safe Harbor of Civil Code Section 3045.1.................................................................. 18

         4.   Plaintiff's Second, Third, and Fourth Causes of Action Are Each Barred By Civil Code Section 47(b)....................... 19

         5.   Plaintiff's Third Cause of Action for Unfair Competition Should Be Dismissed. ............................................... 21

         6.   Plaintiff Fails to State a Claim for Violation of the Elder Abuse and Dependent Adult Civil Protection Act.................. 23

IV.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE....... 25

V.   CONCLUSION................................................................. 25

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Hosp. Ass'n v. Sullivan*,
  938 F.2d 216 (D.C. Cir. 1991) ............................................................................ 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................... 8, 22

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................... 7

*Cassady v. Union Adjustment Co., Inc.*,
  2008 WL 4773976. (N.D. Cal. 2008) ................................................ 21

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
  20 Cal. 4th 163 (1999) .................................................................. 18

*Chavers v. GMAC Mortgage, LLC*,
  2012 U.S. Dist. LEXIS 85505 (C.D. Cal. 2012) ................................ 23

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ................................................................ 8

*Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange*,
  229 Cal. App. 4th 549 (2014) .................................................................. 5

*Davis v. Hollins Law*,
  832 F.3d 962 (9th Cir. 2016) ................................................................ 17

*Do Sung Uhm v. Humana, Inc.*,
  620 F.3d 1134 (9th Cir. 2010) ............................................................. 13

*Epstein v. Burwell*,
  2014 U.S. Dist. LEXIS 107774 (C.D. Cal. Aug. 5, 2014)................... 13

*Faircloth v. AR Res., Inc.*,
  2020 U.S. Dist. LEXIS 28335 (N.D. Cal. Feb. 19, 2020) .................. 15

*Franceschi v. Mautner-Glick Corp.*,
  22 F. Supp. 2d 250 (S.D.N.Y. 1998) ................................................. 16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Frank Pisano & Associates v. Taggart,*
    29 Cal. App. 3d 1 (1972) ..............................................................................20

*Gonzales v. Arrow Fin. Servs., LLC,*
    660 F.3d 1055 (9th Cir. 2011) .....................................................................17

*Gordian Med., Inc. v. Sebelius,*
    2012 U.S. Dist. LEXIS 49061 (C.D. Cal. 2012) .........................................13

*Heckler v. Ringer,*
    466 U.S. 602 (1984)................................................................................13, 14

*Howell v. Hamilton Meats & Provisions, Inc.,*
    52 Cal. 4th 541 (2011) ...................................................................................5

*Johnson v. JP Morgan Chase Bank,*
    536 F. Supp. 2d 1207 (E.D. Cal. 2008) .......................................................21

*Johnstone v. State Bar,*
    64 Cal. 2d 153, 49 Cal. Rptr. 97 (1966).......................................................16

*Joiner v. Med. Ctr. E.,*
    709 So. 2d 1209 (Ala. 1998).........................................................................11

*Kaye v. Humana Ins. Co.,*
    2009 U.S. Dist. LEXIS 17131 (S.D. Fla. Feb. 23, 2009) ............................14

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ......................................................................21

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ................................................................................21

*Laska v. Gen. Cas. Co. of Wis.,*
    830 N.W.2d 252 (Wis. Ct. App. 2013) .........................................................11

*Lazar v. Hertz Corp.,*
    69 Cal. App. 4th 1494 (1999) .......................................................................21

*Leet v. Hospital Serv. Dist. 1,*
    2016 U.S. Dist. LEXIS 82260 (M.D. La. 2016) ..........................................16

*Lintz v. Bank of America,*
    2013 U.S. Dist. LEXIS 139717 (N.D. Cal. 2013) ........................................24

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Lipton v. Pathogenesis Corp.*,
   284 F.3d 1027 (9th Cir. 2002) ............................................................. 25

*Little Co. of Mary Hosp. v. Super. Ct.*,
   162 Cal. App. 4th 261 (2008) ............................................................... 24

*Masey v. Humana, Inc.*,
   2007 U.S. Dist. LEXIS 63556 (M.D. Fla. Aug. 16, 2007) .................. 14

*McGill v. Wachovia Mortgage, FSB Loan*,
   2010 U.S. Dist. LEXIS 43393 (E.D. Cal. 2010)................................... 23

*Mercy Hospital & Med. Ctr. v. Farmers Ins. Grp. Of Cos.*,
   15 Cal. 4th 213 (1997) ............................................................................ 6

*Nevis v. Wells Fargo Bank*,
   2007 U.S. Dist. LEXIS 65932, 2007 WL 2601213 (N.D. Cal 2007)................. 23

*Nickoloff v. Wolpoff & Abramson, LLP*,
   511 F. Supp. 2d 1043 (C.D. Cal. 2007) ............................................... 20

*In the Matter of Nunez*,
   2 Cal. Bar Ct. Rptr. 196 (Review Dept. 1992)..................................... 16

*Oei v. North Star Capital Acquisitions, LLC*,
   486 F.Supp.2d 1089 (C.D. Cal. 2006) .................................................. 19

*Olszewski v. Scripps Health*,
   30 Cal. 4th 798 (2003) .......................................................................... 20

*Oregon Ass'n of Hosps. v. Bowen*,
   708 F. Supp. 1135 (D. Or. 1989) .......................................................... 11

*Paralyzed Veterans of Am. v. McPherson*,
   2008 U.S. Dist. LEXIS 69542 (N.D. Cal. Sept. 8, 2008) ...................... 9

*Parkview Hosp., Inc. v. Roese*,
   750 N.E.2d 384 (Ind. Ct. App. 2001), *cert. denied*, 774 N.E.2d 507
   (Ind. 2002)............................................................................................. 11

*Parnell v. Adventist Health System/West*,
   35 Cal. 4th 595 (2005) ........................................................................ 6, 7

*Perry v. Stewart Title Co.*,
   756 F.2d 1197 (5th Cir. 1985) .............................................................. 16

iv

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Phillips v. Kaiser Found. Health Plan, Inc.*,
  953 F. Supp. 2d 1078 (N.D. Cal. 2011) ................................................. 14

*Prospect Medical Group, Inc. v. Northridge Emergency Medical Group*,
  45 Cal. 4th 497 (2009) ............................................................................ 5

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
  2010 U.S. Dist. LEXIS 6618 (S.D. Cal. 2010) ..................................... 23

*Rotkiske v. Klemm*,
  140 S. Ct. 355 (2019) ............................................................................. 15

*Rubin v. Green*,
  4 Cal. 4th 1187 (1993) ..................................................................... 19, 20

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ................................................................. 25

*Rybicki v. Hartley*,
  792 F.2d 260 (1st Cir. 1986) ................................................................. 11

*Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*,
  733 F.3d 1251 (9th Cir. 2013) ............................................................... 15

*Shalala v. Ill. Council on Long Term Care, Inc.*,
  529 U.S. 1 (2000) ................................................................................... 13

*Shvarts v. Budget Group, Inc.*,
  81 Cal. App. 4th 1153 (2000) ................................................................ 21

*Speegle v. Harris Methodist Health Sys.*,
  303 S.W.3d 32 (Tex. Ct. App. 2009) ..................................................... 11

*Stebley v. Litton Loan Servicing, LLP*,
  202 Cal. App. 4th 522 (2011) ................................................................ 23

*Steckman v. Hart Brewing*,
  143 F.3d 1293 (9th Cir. 1998) ............................................................... 25

*Swanson v. St. John's Reg'l Medical Ctr.*,
  97 Cal. App. 4th 245 (2002) ................................................... 7, 18, 19, 20

*Taylor v. Quall*,
  458 F. Supp. 2d 1065 (C.D. Cal. 2006) ................................................. 20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................. 21

*Wainscott v. Centura Health Corp.*,
   351 P.3d 513 (Colo. Ct. App. 2014) ................................................................ 10

*Wilton v. Mountain Wood Homeowners Assn.*,
   18 Cal. App. 4th 565 (1993) ............................................................................ 20

*Wirth v. Mars Inc.*,
   2016 U.S. Dist. LEXIS 14552 (C.D. Cal. Feb. 5, 2016) ................................... 19

**Statutes**

15 U.S.C.
   § 1692a(6) ......................................................................................................... 16
   § 1692a(6)(F)(i) ................................................................................................. 16
   § 1692a(6)(F)(iii) ............................................................................................... 16
   § 1692e .............................................................................................................. 17
   § 1692e(5) .......................................................................................................... 17
   § 1692e(8) .......................................................................................................... 17
   § 1692e(10) ........................................................................................................ 17
   § 1692f ............................................................................................................... 17
   § 1692k(d) .......................................................................................................... 15

42 U.S.C.
   § 405(g) ............................................................................................................. 13
   § 1395ff .............................................................................................................. 13
   § 1395y(b)(1) ....................................................................................................... 8
   § 1395y(b)(1)-(8) ............................................................................................... 14
   § 1395y(b)(2) ....................................................................................................... 8
   § 1395y(b)(2)(A)(ii) ............................................................................................ 8
   § 1395y(b)(6) ....................................................................................................... 8
   § 1395y(b)(7) ..................................................................................................... 14
   § 1395y(b)(8) ..................................................................................................... 14

California Business and Professions Code
   § 17200 ....................................................................................................*passim*

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California Civil Code

§ 47(b) ............................................................................................. 19, 20, 21

§ 47, subd. 2 .............................................................................................. 20

§ 1788.13 ................................................................................................... 18

§ 1788.17 ................................................................................................... 17

§ 1788.30(f) ............................................................................................... 15

§ 3040 ......................................................................................................... 7

§ 3040(g)(3) ........................................................................................... 7, 19

§ 3045 ....................................................................................................... 16

§ 3045.1 ......................................................................................... 6, 18, 21

§§ 3045.1 *et seq.* ...................................................................................... 19

§ 3045.2 ....................................................................................................... 6

§ 3045.3 .................................................................................................. 6, 24

§ 3045.4 ............................................................................................ 6, 7, 16

§ 3045.6 ....................................................................................................... 6

California Code of Civil Procedure

§ 425.14 ..................................................................................................... 24

Omnibus Budget Reconciliation Act of 1980, Pub. L. No. 96499, 94
Stat. 2599 (1980) ......................................................................................... 8

Welfare and Institutions Code

§ 15610.30 ................................................................................................. 24

§ 15610.30(a)(1) ................................................................................... 23, 24

§ 15610.30(b) ............................................................................................ 23

**Rules**

Federal Rules of Civil Procedure

8 ................................................................................................................ 22

9(b) ..................................................................................................... 21, 22

12(b)(6) ....................................................................................................... 7

**Regulations**

42 C.F.R.

§ 405 ......................................................................................................... 13

§§ 411.22-411.26 ....................................................................................... 11

§ 489.20(f)-(g) ............................................................................................. 9

§ 489.20(g) ................................................................................................ 12

vii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

State Bar of California Standing Committee on Professional
    Responsibility and Conduct
    Formal Opinion No. 1988-101............................................................................17
    Formal Opinion No. 2008-175............................................................................16

**Other Authorities**

Assembly Com. on Human Services, as amended on June 15, 2000,
    for hearing on June 21, 2000............................................................................24

Medicare Secondary Payer Manual, Ch. 2
    § 40.1.................................................................................................................9
    § 40.2.B..............................................................................................................10
    § 40.2D..............................................................................................................11

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 24, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants St. Joseph Hospital Orange and St. Joseph Health System (erroneously sued as St. Joseph Health) ("SJH" or "Defendants") will and hereby do move for an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the First Amended Complaint ("FAC") filed by plaintiff Nancy Binnell with prejudice.  The motion is made on the following grounds:

The FAC should be dismissed in its entirety because Plaintiff's claims are barred by the Medicare Secondary Payer Act, and she did not allege that she exhausted her administrative remedies.  *See generally*, Omnibus Budget Reconciliation Act of 1980, Pub. L. No. 96499, 94 Stat. 2599 (1980); Medicare Secondary Payer (MSP) Manual, Ch. 2, Section 40.2.B.  *See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010); *Heckler v. Ringer*, 466 U.S. 602, 614 (1984).  The claims further fail to state a claim that is not precluded by the safe harbors under both Cal. Civ. Proc. Code § 3045.1 and Civil Code § 47(b) (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999); *see Swanson v. St. John's Regional Med. Ctr.*, 97 Cal. App. 4th 245, 249 (2002), *overruled in part on other grounds by Parnell v. Adventist Health System/West*, 35 Cal. 4th 595 (2005) (safe harbor immunity and Civil Code § 47(b) applied to bar UCL claims relating to lien notices)) as well as the applicable statutes of limitations.  15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f).

Even if not precluded on multiple grounds, Plaintiff fails to state any claim under either the Fair Debt Collection Practices Act or Rosenthal Fair Debt Collection Practices Act because a lien is not a debt, and SJH is exempted from the definition of a "debt collector" under the meaning of 15 U.S.C. § 1692.  15 U.S.C. § 1692a(6)(F)(i) and (iii).  Further, the conclusory allegations fail to meet the

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Even if a claim could be stated, the FAC does not comply with California's statutory requirements for claiming punitive damages against religious organizations. *See, e.g.*, Cal. Civ. Proc. Code § 425.14.

This Motion is based upon this Notice; the attached Memorandum of Points and Authorities; the concurrently-filed Request for Judicial Notice with Exhibits A-C; any matters of which this Court may take judicial notice; all pleadings, files, and records in this action; and such other argument as may be presented to the Court at the time of the hearing on this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 22, 2020.


DATED: July 1, 2020

DAVIS WRIGHT TREMAINE LLP
JOHN R. TATE
KATHLEEN H. DRUMMY
ANNA R. BUONO


By: _____/S/ John R. Tate_____
                John R. Tate

Attorneys for Defendants
ST. JOSEPH HOSPITAL ORANGE
and ST. JOSEPH HEALTH SYSTEM
(erroneously sued as ST. JOSEPH
HEALTH)

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") asserts several purported claims premised on an amalgam of misstatements of applicable law as well as a misconception of the role that the California Hospital Lien Act plays in the reimbursement of hospitals for emergency services.  In particular, contrary to Plaintiff's allegations, Medicare may not, except on a conditional basis, make a payment on behalf of a beneficiary, while there exists another source (such as a third party tortfeasor) from which payment may be obtained.  Thus, Defendants were not only acting well within their rights under existing federal law by obtaining liens against the proceeds of Plaintiff's suit against the alleged third-party tortfeasor, they were complying with the mandate of the federal government to obtain payment from another available source rather than Medicare.

As a result, as a Medicare beneficiary, Plaintiff's claims are barred by the Medicare Secondary Payer Act, which encourages hospitals to exercise their lien rights to seek and obtain reimbursement from third parties rather than from Medicare in order to preserve Medicare funds.  In such instances, hospitals are not limited to the recovery of the amounts Medicare would have paid, but rather are expressly authorized to collect their reasonable and necessary charges.  Not only is there is no allegation that Defendants have not complied with the law governing the Medicare Secondary Payer Act, Plaintiff has failed to allege that she has pursued let alone exhausted her administrative remedies with Medicare in what is clearly a claim for perceived Medicare benefits.

Even without the Medicare Secondary Payer provisions, the claims asserted in this action are precluded on a variety of grounds, including the fact that the Hospital Lien Act provides a safe harbor, assertion of a hospital lien is absolutely privileged under California's litigation privilege, and the claims are barred by applicable statutes of limitation.  They are further insufficiently alleged to state a

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

claim that is not otherwise barred.  Because all of the claims fail and are barred on multiple grounds, the FAC must be dismissed.

## II.    RELEVANT ALLEGATIONS AND BACKGROUND

### A.    Plaintiff's Allegations and Procedural Posture

All of Plaintiff's causes of action rely on the same underlying facts. Plaintiff is alleged to be an individual California resident over the age of 65 and thus "covered through the federal Medicare program administered by the Department of Health and Human Services."  FAC ¶¶ 14, 24.  It is alleged that Defendant St. Joseph Hospital Orange[1] is a hospital in Orange, California where Plaintiff received medical care.  *Id.* ¶ 15.  Defendant St. Joseph Health System (erroneously sued as St. Joseph Health) is alleged to be "an integrated healthcare delivery system" operating in California and beyond, with St. Joseph Hospital-Orange as part of that system.  *Id.* ¶ 16.  Furthermore, Defendant Paratus Partners LLC ("Paratus") is alleged to be a debt collection company specializing in hospital revenue cycle management.  *Id.* ¶ 17.

Plaintiff alleges that on May 17, 2018, she was struck and injured by a vehicle while she was walking her dog near her home.  *Id.* ¶ 23.  She alleges she was transported to Mission Medical Center, where she remained until June 2, 2018.  *Id.*  Plaintiff alleges that she received a settlement from a third-party lawsuit involving the driver of the vehicle, Essam Ayad.  *Id.* ¶¶ 23, 29.  On August 17, 2018, Plaintiff received a "Notice of Statutory Lien Claim," explaining that St. Joseph Health claimed a lien on damages Plaintiff might recover from the third party tortfeasor.  *Id.* ¶ 31.  Plaintiff asserts that the total of the liens claims, $190,000, far exceeded Medicare reimbursement rates.  *Id.* Plaintiff alleges that her settlement funds should not be used to pay any part of the

---

[1] Plaintiff at times alleges she was treated at St. Joseph Hospital Orange and other times at Mission Medical Center.  Defendants assume only for purposes of this Motion that she has named the proper Defendant.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

medical bills incurred by her, but rather she should receive a windfall by having the payments made by Medicare.  *Id.* ¶ 35.

On March 4, 2020, Plaintiff filed the instant lawsuit against Defendants St. Joseph Hospital Orange, St. Joseph Health System, and Paratus.  (*See* Dkt. No. 1.)  After meeting and conferring and then amending the claims, Plaintiff, on her own and on behalf of a purported class, asserts four causes of action in her FAC: (i) violation of the Federal Debt Collection Practice Act ("FDCPA"); (ii) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (iii) violation of Business and Professions Code § 17200, California's Unfair Competition Law (the "UCL"); and (iv) violation of California's Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA").  Plaintiff asserts all her causes of action against all Defendants.

**B.    California's Hospital Lien Act Provides Hospitals With Recourse Against Third-Party Tortfeasors**

"Under California law, hospitals must provide emergency room services without regard to a patient's ability to pay or who will ultimately bear responsibility for the medical bill."  *Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange*, 229 Cal. App. 4th 549, 552 (2014) (citing *Prospect Medical Group, Inc. v. Northridge Emergency Medical Group*, 45 Cal. 4th 497, 501-02 (2009)).  When the patient's emergency room and related treatments are caused by the wrongdoing of a third party, the hospital "must determine whether the medical bills are the responsibility of the patient, the patient's health care service plan, the tortfeasor, the tortfeasor's liability insurer, or some combination of these potential payers."  *Id.*  In doing so, billing rates for the same treatment can vary substantially depending on who pays the bill for emergency room services.  *Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal. 4th 541, 553-554 (2011).  California's Hospital Lien Act ("HLA") was enacted in 1961 "to secure part of the patient's recovery from liable third persons to pay his or her hospital bill, while ensuring that the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

patient retained sufficient funds to address other losses resulting from the tortious injury." *Mercy Hospital & Med. Ctr. v. Farmers Ins. Grp. Of Cos.*, 15 Cal. 4th 213, 217 (1997). Consequently, an HLA lien is not a charge against the patient. To the contrary, it is a "statutory medical lien in favor of a hospital against third persons liable for the patient's injuries." *Id.* Moreover, contrary to Plaintiffs' allegations, the HLA "does not distinguish between insured and uninsured patients." *Parnell v. Adventist Health System/West*, 35 Cal. 4th 595, 604 (2005). In fact, hospital liens play an especially important role when the injured patient is a Medicare beneficiary in facilitating the payment of the hospital by the responsible tortfeasor rather than by Medicare and thus preserving federal funds. As a result, the HLA is an integral part of a carefully balanced system ensuring the care of injured parties and allocating responsibility for those services.

The HLA, codified in California Civil Code sections 3045.1 to 3045.6, is a statutory scheme that permits hospitals that treat patients injured in "an accident or negligent or other wrongful act" to claim repayment by placing a lien on the tortfeasor "to the extent of the amount of the reasonable and necessary charges of the hospital." Cal. Civ. Code § 3045.1. "The lien shall apply whether the damages are recovered, or are to be recovered, by judgment, settlement, or compromise." Cal. Civ. Code § 3045.2. Allowing this recovery from the tortfeasor is consistent with principles of tort law to shift financial responsibility for wrongdoing to the wrongdoer. The hospital must, however, provide written notice to the tortfeasor and his or her insurance company, if known, in order to effectuate the lien, but is not required to provide notice to the injured party. Cal. Civ. Code § 3045.3.

Despite a legislative intent to shift the burden to tortfeasors, the Legislature also balanced in the need to ensure the injured party recovered on other losses by capping the potential recovery. Thus, a hospital's recovery on the lien is limited to an amount which could be satisfied from 50 percent of the amount recovered by the injured person from the tortfeasor. Cal. Civ. Code § 3045.4. If the tortfeasor has

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  received notice of the lien, but pays the injured party without honoring the lien, they

2  "shall be liable to the [lienholder] for the amount of its lien claimed in the notice

3  which the hospital is entitled to receive as payment for medical care and services

4  rendered to the injured person."  Cal. Civ. Code § 3045.4.

5        Plaintiffs challenging HLA liens, as Plaintiff does here, urge courts to

6  interpret the HLA to preclude hospital liens if an injured party has health insurance

7  (including Medicare) that pays hospitals a reduced contractual rate.  Yet, the policy

8  reasons for managed care agreements are not related to the purpose of shifting the

9  burden of costs for liability to the tortfeasors, which underlies the purpose of the

10  HLA.  Indeed, nothing in the HLA limits the use of liens to only those

11  circumstances in which a patient is uninsured – an easy fix the Legislature could

12  have required if it had been so intended.  The Legislature further expressed this

13  intent not to limit the HLA to the uninsured when it exempted liens under the HLA

14  from the scope of Civil Code section 3040, which otherwise would have precluded

15  liens for amounts in excess of HMO payments under a rate agreement.  *See* Cal.

16  Civ. Code § 3040(g)(3); *Swanson v. St. John's Reg'l Medical Ctr.*, 97 Cal. App. 4th

17  245, 251-252 (2002), *overruled in part on different grounds* by *Parnell*, 35 Cal. 4th

18  at 600.  As explained further below, because hospital liens are the permitted and

19  even required means of payment, Plaintiff's argument that a hospital's use of liens

20  is in violation of other laws is entirely misplaced.

21        **III.   THE COMPLAINT DOES NOT STATE FACTS THAT**

22                **ENTITLE PLAINTIFF TO RELIEF**

23        A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

24  Procedure tests the legal sufficiency of the claims asserted in a complaint.  *See*

25  Fed. R. Civ. P. 12(b)(6).  While a complaint attacked by a Rule 12(b)(6) motion

26  to dismiss does not need detailed factual allegations, "a plaintiff's obligation to

27  provide the grounds of his entitlement to relief requires more than labels and

28  conclusions, and a formulaic recitation of the elements of a cause of action . . . ."

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "Dismissal is proper where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted).

**A.    Plaintiff's Claims Are Precluded Because Medicare Is Not The Primary Payer And Permits Payment To Providers From Liable Third Parties.**

While Medicare often is the primary payer for services received by a Medicare beneficiary, there are numerous situations in which Medicare is not the primary payer. Since 1980, federal law has mandated that Medicare be treated as a *secondary* rather than a primary payer of a beneficiary's medical expenses where a third-party tortfeasor having no-fault or liability insurance, including self-funded insurance or a Workers' Compensation program, is responsible. *See generally*, Omnibus Budget Reconciliation Act of 1980, Pub. L. No. 96499, 94 Stat. 2599 (1980). Indeed, Medicare is *precluded* from paying for a beneficiary's medical expenses when payment "has been made or can reasonably be expected to be made under a workmen's compensation law or plan of the United States or a State or under an automobile or <u>liability insurance policy or plan</u> (including a <u>self-insured plan</u>) or under no fault insurance." *See* 42 U.S.C. § 1395y(b)(2) and (b)(2)(A)(ii) (emphasis added). Accordingly, Medicare is not responsible for payment for items or services otherwise covered to the extent that payment has been made, or can reasonably be expected to be made, under a liability policy or plan. *See* 42 U.S.C. § 1395y(b)(1).

These Medicare Secondary Payer ("MSP") requirements are also imposed directly on Medicare-participating providers. For example, 42 U.S.C.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

§ 1395y(b)(6) requires all entities seeking payment for services furnished under Medicare Part B to collect information from patients regarding the availability of other insurance.  In this regard, as a condition of their provider agreements with CMS, Medicare participating hospitals are required to maintain a system as part of their admissions process to identify any primary payers other than Medicare, so that incorrect billing and Medicare overpayments can be prevented, and "[t]o bill other primary payers before Medicare."  42 C.F.R. § 489.20(f)-(g) (emphasis added).

Under certain circumstances, Medicare may make conditional payments if the liability insurance will not pay promptly.  However, even then Medicare has a right to be reimbursed from the proceeds received pursuant to a third-party liability settlement, award, judgment, or recovery – and that right exists as against any other party.  *See* Request for Judicial Notice ("RFJN"), Exh. A, attaching MSP Manual, Ch. 2 (hereafter "MSP Manual"), at Section 40.1.[2]  The MSP Manual offers further guidance on the issue of liens, providing, in pertinent part:

> *Generally, providers, physicians, and other suppliers must bill liability insurance prior to the expiration of the promptly period rather than bill Medicare.  (The filing of an acceptable lien against a beneficiary's liability insurance settlement is considered billing the liability insurance.) Promptly means payment within 120 days after the earlier of: 1) the date the claim is filed with an insurer or a lien is filed against a potential liability settlement; or 2) the date the service was furnished or, in the case of*

---

[2] The MSP Manual is available in its entirety at https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Internet-Only-Manuals-IOMs-Items/CMS019017.  As a publication by a governmental agency, this Court may take judicial notice of the Manual.  *See* RFJN, citing, e.g., *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*inpatient hospital services, the date of discharge) rather than bill Medicare. Following expiration of the promptly period, or if demonstrated (e.g., a bill/claim that had been submitted but not paid) that liability insurance will not pay during the promptly period, a provider, physician, or other supplier may either:*

- *bill Medicare for payment and withdraw all claims/liens against the liability insurance/beneficiary's liability insurance settlement (liens may be maintained for services not covered by Medicare and for Medicare deductibles and coinsurance); or*

- *maintain all claims/liens against the liability insurance/beneficiary's liability insurance settlement.*

*See* MSP Manual, Ch. 2, Section 40.2.B, Billing in MSP Liability Insurance Situations (emphasis added).  This guidance is consistent with the language of the statute mandating that Medicare be a secondary payer where other payment is expected from a third party.[3]

Courts faced with the task of deciding how federal Medicare law affects state hospital lien statutes have consistently upheld the provider's option to seek payment from a liable third party, in lieu of seeking Medicare reimbursement.  If the provider seeks and accepts Medicare's allowed payment, it may not seek additional payments from the patient, whether by direct suit or by pursuing hospital liens.  On the other hand, if the provider chooses to take its chances and pursues recovery permitted by the lien statute, the patient may not complain.  *See, e.g., Wainscott v. Centura Health Corp.*, 351 P.3d 513, 529 (Colo. Ct. App. 2014) (Because "a provider 'may file a lien for full charges against a beneficiary's liability settlement,' the provider may collect actual charges rather than the

_____

[3] The chart found beginning at page 4 of the CMS MLN Booklet entitled Medicare Secondary Payer, a copy of which is attached as Exhibit B to Defendants' RJFN, illustrates the situations when Medicare is the secondary, rather than primary payer.

reduced amount that Medicare would pay if the provider had billed Medicare.") (citing MSP Manual, ch. 2, § 40.2D); *accord Rybicki v. Hartley*, 792 F.2d 260, 261 (1st Cir. 1986); *Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 218 (D.C. Cir. 1991); *Oregon Ass'n of Hosps. v. Bowen*, 708 F. Supp. 1135, 1137 (D. Or. 1989); *Joiner v. Med. Ctr. E.*, 709 So. 2d 1209, 1221 (Ala. 1998); *Parkview Hosp., Inc. v. Roese*, 750 N.E.2d 384, 390-391 (Ind. Ct. App. 2001), *cert. denied*, 774 N.E.2d 507 (Ind. 2002); *Speegle v. Harris Methodist Health Sys.*, 303 S.W.3d 32, 37-38 (Tex. Ct. App. 2009); *Laska v. Gen. Cas. Co. of Wis.*, 830 N.W.2d 252, 260-261 (Wis. Ct. App. 2013).

Similar to the obligations imposed on Medicare-participating providers, Group Health Plans (GHPs), Third Party Administrators (TPAs), Liability and No-Fault Insurances, and Workers' Compensation carriers all have an obligation to ensure benefit payments are made in the proper order and to repay Medicare if mistaken primary payments are made or if there is a settlement, judgment, award or other payment covering services paid conditionally by Medicare.  This obligation extends not just to the liable primary payer, but also to any entity that receives payment from that payer, and beneficiaries and their representatives are required to cooperate with CMS in its efforts to recover any conditional payments made by the Medicare program.  *See* 42 C.F.R. §§ 411.22-411.26.  The Medicare program uses Coordination of Benefits (COB) processes to identify payers primary to Medicare and MSP recovery processes to recover mistaken primary payments and conditional payments.  *See* RFJN, Exh. C.

Here, Plaintiff implicitly acknowledges that she settled her tort claims with the tortfeasor's third-party liability insurance.  FAC ¶¶ 7, 29.  Each of Plaintiff's causes of action relies on the underlying premise that Defendants were not entitled to obtain liens on her settlement proceeds.  However, under the MSP statute, regulations, interpretative guidelines and other CMS publications, Medicare was a secondary payer and <u>not permitted to make payment</u> other than

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

on a conditional basis, and ultimately that payment would have to be repaid. More importantly, under these authorities, <u>Defendants were not required to seek payment from Medicare</u> but in fact were expressly instructed to seek recovery from the primary payer first. *See* 42 C.F.R. § 489.20(g). In doing so, Defendants *took the risk* of no payment from the third-party tortfeasor and imposed a lien so as to protect its right to seek collection for its services from the patient's settlement with the tortfeasor. Defendants' actions are expressly permitted under existing federal laws and regulations. Accordingly, Plaintiff's Complaint, which relies on the illegality of this conduct for each and every cause of action, should be dismissed with prejudice.

**B.     The Complaint Additionally Should Be Dismissed In Its Entirety Because Plaintiff Did Not Allege That She Exhausted Her Administrative Remedies.**

Although plead as separate causes of action, Plaintiff in each cause of action effectively seeks Medicare benefits. *See, e.g.,* FAC ¶¶ 12, 24, 30-36, 49, 57, 61, 70. Her alleged injury is essentially wrongful denial of Medicare benefits; that is, Plaintiff's settlement proceeds would be used to pay Defendants when Defendants should have submitted the claim for its services to Medicare for payment. There is no allegation in the FAC that Plaintiff suffered any injury beyond the purportedly improper efforts by Defendants to collect against her tort damages. There is no allegation that Plaintiff notified Medicare of her injury, filed any materials on the MSP website, or requested that Medicare pay her hospital bills or utilized any of the available appeal procedures if she did not agree with Medicare's handling of her requests.

The law is settled that a Medicare enrollee *cannot* obtain judicial review of a claim that is "inextricably intertwined" with a claim for benefits under the Medicare Act unless and until she has exhausted her administrative remedies

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

under the Act.[4]  *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010) (quoting *Heckler v. Ringer*, 466 U.S. 602, 614 (1984)).

In *Heckler*, the seminal case addressing judicial review of Medicare claims, the Supreme Court held that "the exhaustion requirement of [the Medicare Act] consists of a nonwaivable requirement that a claim for benefits shall have been presented to the Secretary [of Health and Human Services], and a waivable requirement that the administrative remedies prescribed by the Secretary be fully pursued by the claimant." *Heckler*, 466 U.S. at 617 (internal citations omitted). The Court concluded that "[j]udicial review of claims arising under the Medicare Act is available only after the Secretary renders a 'final decision' on the claim . . . ." *Id.* at 605 (quoting 42 U.S.C. § 405(g)).  Because the Medicare enrollee plaintiff's claim was "essentially one requesting payment of benefits for [a] surgery," and because the plaintiff had "not given the Secretary an opportunity to rule on a concrete claim for reimbursement," the Court dismissed the claim for lack of administrative exhaustion. *Id.* at 620-22.

Accordingly, the Medicare Act "demands the channeling of virtually all legal attacks through the agency." *Epstein v. Burwell*, 2014 U.S. Dist. LEXIS 107774, at *18 (C.D. Cal. Aug. 5, 2014) (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)).  This administrative exhaustion scheme "clearly appl[ies] in a typical . . . Medicare benefits case, where an individual seeks a monetary benefit" that the individual contends was unlawfully denied. *Shalala*, 529 U.S. at 10.

---

[4]  "If a Medicare beneficiary [] is dissatisfied with a reimbursement determination, the statute and regulations afford several levels of administrative review and, potentially, judicial review." *Gordian Med., Inc. v. Sebelius*, 2012 U.S. Dist. LEXIS 49061, at *3-4 (C.D. Cal. 2012) (citing 42 U.S.C. § 1395ff and 42 C.F.R. Part 405, Subpart I—respectively the statute and regulations establishing the Medicare administrative review process—and explaining the multiple administrative steps that must occur prior to judicial review).

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

It does not matter whether a plaintiff's claim is expressly predicated on the Medicare Act or is based on seemingly unrelated federal or state law causes of action.  As long as the claim is "inextricably intertwined" with a claim for benefits under the Act, it is subject to administrative exhaustion.  *See, e.g.*, *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1089-1090 (N.D. Cal. 2011) ("To the extent Plaintiff is claiming that Kaiser is running afoul of the Medicare Act by collecting reimbursement from her in an amount greater than what is permitted under the Act she is making a claim for benefits and must exhaust that claim. . . It does not matter that she is using state law as the vehicle to press her assertion.") (citing *Heckler*, 466 U.S. at 618, and dismissing California UCL and CLRA claims for failure to exhaust); *Kaye v. Humana Ins. Co.*, 2009 U.S. Dist. LEXIS 17131, at *19-25 (S.D. Fla. Feb. 23, 2009) (dismissing breach of contract and fraud claims for failure to exhaust); *Masey v. Humana, Inc.*, 2007 U.S. Dist. LEXIS 63556, at *23-25 (M.D. Fla. Aug. 16, 2007) (dismissing breach of contract and third-party beneficiary claims for failure to exhaust).

It is unquestionable that Plaintiff's claims in this case are "inextricably intertwined" with a claim for benefits under the Medicare Act.[5]  As explained in detail above, the gravamen of Plaintiff's FAC is that Defendants improperly prevented her from receiving Medicare benefits to which she claims entitlement. She does not allege any injury apart from the purported wrongful denial of benefits, and there is nothing in her FAC that cannot be remedied through the Medicare administrative scheme.  Critically, Plaintiff does not allege that her

---

[5] The Medicare laws provide for a specific mandatory process for handling claims such as those here.  *See* 42 U.S.C. § 1395y(b)(7) & (8).  If Plaintiff's accident and litigation were not reported to Medicare, the parties to that litigation appear to have violated the mandatory reporting requirements.  *See* 42 U.S.C. § 1395y(b)(1)-(8).  If Plaintiff's case was properly reported to CMS, she would have had a forum to seek review of how the MSP rules were applied to her case.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   claim was ever presented to the Secretary of Health and Human Services, let
2   alone that she fully pursued her remedies through the designated administrative
3   channel.

4       Plaintiff's failure to exhaust her administrative remedies is fatal to every
5   one of her causes of action and the FAC should be dismissed in its entirety with
6   prejudice on this separate ground.

7   **C.    Even If Not Barred, Each of Plaintiff's Claims Are Individually**
8           **Defective**

9       **1.    Plaintiff's FDCPA and RFDCPA claims are time-barred.**

10      The FDCPA has a one-year limitations period.  15 U.S.C. § 1692k(d);
11  *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019).  The RFDCPA likewise imposes a
12  one-year limitations period.  Cal. Civ. Code § 1788.30(f); *see Faircloth v. AR Res.,*
13  *Inc.*, 2020 U.S. Dist. LEXIS 28335, *16-20 (N.D. Cal. Feb. 19, 2020).  Plaintiff
14  filed her complaint on March 4, 2020.  Any FDCPA or RFDCPA claim based on
15  conduct before March 4, 2019, is time-barred.  Plaintiff alleges she was injured on
16  May 17, 2018, and finally discharged from the hospital on June 2, 2018.  She
17  alleges receipt of a statutory notice of lien on August 17, *2018*.  She alleges that the
18  violation of the FDCPA/RFDCPA is the assertion of those very liens in August
19  2018.  *Rotkiske*, 140 S. Ct. at 360 (the statute of limitations under the FDCPA
20  begins to run "on the date the alleged FDCPA violation actually happened.").
21  Because it is clear from the face of the FAC that the FDCPA and RFDCPA claims
22  are time-barred, both claims must be dismissed.  *See Seven Arts Filmed Entm't Ltd.*
23  *v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (motion to
24  dismiss properly raises statute of limitations defense if apparent from the face of the
25  complaint).

26

27

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2.      **Plaintiff Fails to State a Claim Under Either the FDCPA or the RFDCPA.**

Even if not barred, Plaintiff fails to state a claim under either the FDCPA or the RFDCPA.  As a threshold issue, a lien is not a collection of "debt" from the patient – it provides for collection from a tortfeasor.  Cal. Civ. Code § 3045.4.  Nor do Plaintiff's allegations demonstrate that SJH is a debt collector collecting a debt under the terms of the statute.  Under the FDCPA, the definition of a debt collector does not include anyone collecting a debt where the debt was not in default at the time it was obtained by the person trying to collect.  15 U.S.C. § 1692a(6)(F)(iii).  In *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), the Fifth Circuit noted that the "legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  *See also Leet v. Hospital Serv. Dist. 1*, 2016 U.S. Dist. LEXIS 82260, *15-16 (M.D. La. 2016) (the court "must hold the FDCPA inapplicable to any and all 'collection efforts by those who obtained the right to payment on the debt before the debt was in default.'") (citing *Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 253 (S.D.N.Y. 1998)).

Plaintiff does not allege that her bills on which the liens are based were in default when the lien was perfected.  Instead, she merely alleges that Defendants have no right to impose a lien.

The lien is additionally exempt as "incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement," as provided for in 15 U.S.C. § 1692a(6)(F)(i).  Any attorney or law firm who has received funds in settlement of a client's claim which includes a medical services lien under California Civil Code § 3045, owes a fiduciary duty to the lienholder/hospital.  State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 2008-175, p. 3 ("It is also settled that an attorney who settles a personal injury

action and holds funds in her or his CTA [Client Trust Account] is under a fiduciary duty to the medical lienholders,") (citing *Johnstone v. State Bar*, 64 Cal. 2d 153, 155-156, 49 Cal. Rptr. 97 (1966) and *In the Matter of Nunez*, 2 Cal. Bar Ct. Rptr. 196, 200 (Review Dept. 1992)).  Further, actual knowledge of the hospital's interest in and claim to a portion of the settlement funds is sufficient to give rise to these fiduciary obligations.  State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 1988-101, p. 1-2.

Assuming *arguendo* that it is debt being pursued by a debt collector (it is not), the activity complained of also does not fall within the prohibitions of either the FDCPA or the RFDCPA.  "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)).  The Court of Appeals has explained that "[i]ts remedial purpose is to prevent debt collection actions that frustrate consumers' ability to chart a course of action in response to a collection effort."  *Davis v. Hollins Law*, 832 F.3d 962, 963 (9th Cir. 2016).

The two FDCPA provisions at issue in this case are 15 U.S.C. §§ 1692e and 1692f (incorporated into California's RFDCPA by Cal. Civ. Code § 1788.17). Section 1692e prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The statute prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken[,]" "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed[,]" and "[t]he use of any false representation or deceptive means to collect

MOTION TO DISMISS
4852-2532-4985v.3 0040080-000180

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(5), 1692e(8), 1692e(10). Section 1692f prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff further specifically alleges that Defendants have violated the RFDCPA by "falsely representing that a 'legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.' *See* Cal. Civ. Code § 1788.13." FAC ¶ 56.

The conduct complained of – that Defendants pursued statutory hospital liens in lieu of billing Medicare – is not alleged to be false. It is, in fact, alleged to be true. It is alleged to be conduct that cannot legally be taken, but as explained above (*supra* Section III(A)), it is the exact means by which Medicare requires providers to seek payment. There is no allegation of a false representation that a legal proceeding will be instituted – indeed, all a lien does is notify the tortfeasor of the provider's interest within the lawsuit that has already been instituted. It is statutorily permitted, and thus does not serve as the basis for a claim under the FDCPA or the RFDCPA. As a result, the effort to obtain recovery on a statutory third party hospital lien does not violate the terms of the FDCPA or the RFDCPA. Plaintiff's First and Second Causes of Action incurably fail as a matter of law, and should be dismissed with prejudice.

### 3. Plaintiff's Second, Third, and Fourth Causes of Action Are Each Barred By the Safe Harbor of Civil Code Section 3045.1.

Plaintiff's state law claims are separately barred because Defendants complied with the HLA, providing a safe harbor. The California Supreme Court recognizes safe harbors can be created in two circumstances: (a) "if the Legislature has permitted certain conduct," or (2) "considered a situation and concluded no action should lie." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999). Here, the California Legislature expressly permits hospitals to seek payment through liens on recovery from third

party tortfeasors.  Cal. Civ. Code § 3045.1.  Although the Legislature could have done so, the HLA "does not distinguish between insured and uninsured patients."  *See Swanson*, 97 Cal. App. 4th at 248 (holding that the safe harbor applies:  "The HLA authorized the very business practice that appellant claims is unlawful.").  The Legislature had an opportunity to make such a distinction and chose not to do so.  Cal. Civ. Code §§ 3045.1 *et seq*.; *see also* Cal. Civ. Code § 3040(g)(3); *Swanson*, 97 Cal. App. 4th at 251 (citing June 20, 2000 Assem. Comm. on Judiciary Report, SB 1471).  The California Legislature, therefore, "created a safe harbor for the conduct challenged by Plaintiff[] under the UCL," RFDCPA and EADACPA, and the claims are barred.[6]  *Wirth v. Mars Inc.*, 2016 U.S. Dist. LEXIS 14552, *26 (C.D. Cal. Feb. 5, 2016).

### 4. Plaintiff's Second, Third, and Fourth Causes of Action Are Each Barred By Civil Code Section 47(b).

Similarly, Defendants' use of the HLA to assert liens is shielded from Plaintiff's state law claims by the litigation privilege, California Civil Code section 47(b).  California Civil Code section 47(b) expressly states that "[a] privileged publication or broadcast is one made:. . . (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law. . .."  As explained by the California Supreme Court in *Rubin v. Green*, 4 Cal. 4th 1187 (1993), "[f]or well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)."  *Id.* at 1193.  Moreover, that immunity has been given "expansive reach" so that it bars <u>all torts</u> except malicious prosecution.  *Id.* at 1194.  As explained in *Rubin*,

---

[6] Since the FDCPA is a federal claim, it is not precluded by state law, although arguably the MSP Act provides an additional safe harbor.  *Oei v. North Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089, 1098 (C.D. Cal. 2006).

19

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

As noted, the conduct of defendants alleged in the complaint is clearly communicative and otherwise within the scope of section 47(b). It is thus absolutely immune from civil tort liability, including plaintiff's interference with contract and related claims. To permit the same communicative acts to be the subject of an injunctive relief proceeding brought by this same plaintiff under the unfair competition statute undermines that immunity. If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b).

*Id.* at 1202-1203.

In fact, section 47(b) has long been expressly applied to bar tort actions premised upon the assertion of liens. *See, e.g., Frank Pisano & Associates v. Taggart*, 29 Cal. App. 3d 1, 25 (1972) ("the filing of a claim of mechanic's lien in conjunction with a judicial proceeding to enforce it is privileged within the meaning of Civil Code section 47, subdivision 2."); *Wilton v. Mountain Wood Homeowners Assn.*, 18 Cal. App. 4th 565, 569 (1993) (holding homeowners assessment liens are permitted by law and thus come within the absolute privilege of Civil Code 47(b)). Liens asserted by hospitals specifically have been consistently held to be protected from tort claims. As the California Supreme Court held in *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 832 (2003), "the assertion of liens as authorized by validly enacted California statutes is shielded by the litigation privilege." Similarly, the California Court of Appeal applied Civil Code section 47(b) to bar UCL claims in a case challenging a hospital's lien pursuant to the HLA in *Swanson*, 97 Cal. App. 4th at 249.

20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Although there is a split in authority, multiple federal district courts have held that the litigation privilege also provides a complete defense to claims under the RFDCPA when the claims are based on representations to a court made during litigation. *Nickoloff v. Wolpoff & Abramson, LLP*, 511 F. Supp. 2d 1043, 1045 (C.D. Cal. 2007); *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1068 (C.D. Cal. 2006). Federal district courts generally upheld the litigation privilege if the claimed violation arose, as here, out of actual litigation.  If there is no conflict, then the litigation privilege will provide a complete bar to liability.  *See, e.g., Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207, 1211-12 (E.D. Cal. 2008); *Cassady v. Union Adjustment Co., Inc.*, 2008 WL 4773976, *6-7. (N.D. Cal. 2008).

The conduct that Plaintiff complains of here is based on Defendants' assertion of liens in her personal injury action.  That conduct is permitted by California Civil Code section 3045.1, and involves a communication in a judicial proceeding that is meant to achieve the objects of the litigation.  It is absolutely privileged conduct and cannot, therefore, be the basis of any state law tort claims by Plaintiff.

### 5. Plaintiff's Third Cause of Action for Unfair Competition Should Be Dismissed.

The UCL prohibits unfair competition, defined by statute to include unlawful, unfair and fraudulent business acts.  *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1143 (2003).  It is long settled, however, that a business practice does not violate the UCL if it is permitted by law.  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999); *Shvarts v. Budget Group, Inc.*, 81 Cal. App. 4th 1153, 1157-1158 (2000).  Because the claims asserted by Plaintiff involve conduct expressly permitted by statute, there is no valid UCL claim.

Even if Plaintiff could "plead around" the safe harbor of Civ. Code sections 3045.1, the MSP Act, and 47(b) to allege a fraudulent practice, her allegations fail

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to meet the requirements of Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (heightened pleading standard applies to UCL claims).  Rule 9(b) requires Plaintiff to state with particularity her allegations regarding "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

Despite its applicability, none of the particularized allegations required by Rule 9(b) is present in the FAC.  Plaintiff offers no factual allegations supporting how the public could be defrauded by a hospital's use of the statutory scheme designed specifically for hospitals to recover against a tortfeasor.  In essence, Plaintiff's fraud claim is that Defendants' liens purportedly misrepresent "entitlement to liens against third-party settlements against which they have no actual or legal claim" because they should have been paid by Medicare.  FAC ¶ 65.  Plaintiff points to one specific instance where she received a "NOTICE OF STATUTORY LIEN CLAIM" from Defendant Paratus, which "gave notice that St. Joseph Health was claiming to impose liens on any damages that the patient might recover from the party that injured Plaintiff," with a sum total "far above the negotiated reimbursement rates the hospital had negotiated with Medicare." FAC ¶ 31.  In addition to ignoring the fact that the HLA specifically limits the recovery on the lien (and thus the Defendants could never recover the full amount of the liens here – indeed, it may be that Medicare would have paid more), Plaintiff does not specify what statement in these notices and liens was fraudulent, nor is it clear who made the statement.

To the extent that Plaintiff alleges the liens misrepresent the rights of SJH to collect the amounts billed, that is in fact a correct statement and cannot therefore support a claim for fraud.  Plaintiff has also failed to adequately allege that Defendants knew the purported misrepresentations were false.  Instead, she only argues that by asserting liens for more than the liability insurance would

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

cover, the bills "could not 'reasonably be expected to be made'" as indicated in the MSP Statute.  FAC ¶ 36.  These are simply legal conclusions, and are wholly insufficient under Rule 8 of the Federal Rules of Civil Procedure, let alone the heightened pleading requirements of Rule 9(b).  *See Iqbal*, 556 U.S. at 678.  For these additional reasons, Plaintiff's Third Cause of Action for violation of the UCL should be dismissed with prejudice.

**6.    Plaintiff Fails to State a Claim for Violation of the Elder Abuse and Dependent Adult Civil Protection Act.**

Plaintiff's Fourth Cause of Action depends on the allegation that "Defendants have taken, secreted, appropriated, obtained, or retained the personal property of an elder for a wrongful use and/or with an intent to defraud." FAC ¶ 70.  This claim rests on Welfare and Institutions Code § 15610.30(a)(1), which states:  "'Financial abuse' of an elder … occurs when a person or entity … [t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder … for a wrongful use or with intent to defraud, or both."  Property is considered taken for "wrongful use if … the person or entity knew or should have known that this conduct is likely to be harmful to the elder."  W&I Code § 15610.30(b).  To state a claim for elder financial abuse, Plaintiff must plead facts showing violations of Section 15610.30(a)(1) or (b).  *Quintero Family Trust v. OneWest Bank, F.S.B.*, 2010 U.S. Dist. LEXIS 6618, at *53 (S.D. Cal. 2010); *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 524-525 (2011).

"Because it is largely grounded in fraud, an [elder financial abuse] claim must be pleaded with particularity."  *Chavers v. GMAC Mortgage, LLC*, 2012 U.S. Dist. LEXIS 85505, at *22 (C.D. Cal. 2012).  Several courts have dismissed elder financial abuse claims for a plaintiff's failure to allege the underlying facts constituting fraud with sufficient particularity.  In *McGill v. Wachovia Mortgage, FSB Loan*, for example, the court dismissed an elder abuse claim after concluding the plaintiff "fail[ed] to allege which particular defendant engaged in fraud, when

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the alleged fraud occurred, and how such conduct was fraudulent."  2010 U.S. Dist. LEXIS 43393, at *33-34 (E.D. Cal. 2010); *see also Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932, 2007 WL 2601213, at *4 (N.D. Cal 2007) (dismissing elder financial abuse claim because the plaintiff made only bare allegations defendant acted in bad faith and intended to defraud plaintiff by inducing her into an unmanageable loan, without alleging specific facts to support the conclusory allegation).[7]

Here, Plaintiff fails to state her elder financial abuse claim with particularity.  She merely parrots the language of § 15610.30(a)(1).[8]  FAC ¶ 70. Plaintiff further makes the conclusory allegation "Plaintiffs and members of the Sub-Class each have a property right in the settlement of their case with which Defendants have interfered by use of their bad faith assertion of alleged liens." *Id*. at ¶ 71.  Despite acknowledging the MSP Act within the FAC, she claims SJH should have billed Medicare instead of collecting from her tortfeasor.  She does not, however, point to any facts that purportedly defrauded her.  She does not allege any promise by SJH to bill Medicare (nor is there one).  She does not allege a misstatement by SJH at all.  Defendants were not even required by law to inform her of the lien.  Cal. Civ. Code § 3045.3.  At best, her allegations show only Plaintiff did not understand that Medicare is not the primary payer where

---

[7] A separate basis for dismissal of this claim is also Plaintiff's failure to allege that elders are the *target* of the actions undertaken here.  The Legislature intended Section 15610.30 to curb those who *prey* on the elderly.  *See* Assembly Com. on Human Services, as amended on June 15, 2000, for hearing on June 21, 2000, Comments ¶ 1.  SJH, on the other hand, provides medical care regardless of age or ability to pay, and utilizes the HLA as authorized.

[8] Plaintiff's request for punitive damages also fails because Plaintiff failed to satisfy the statutory prerequisites of Code of Civil Procedure Section 425.14.  *See Little Co. of Mary Hosp. v. Super. Ct.*, 162 Cal. App. 4th 261, 265 (2008).  Both St. Joseph Hospital Orange and St. Joseph Health System are not-for-profit religious corporations (identified in their public articles of incorporation), and thus are not subject to punitive damages without following the requirements of the statute.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

there is third party liability.  "There is nothing in this [FAC] which supports some improper or fraudulent motive on the part of Defendant[s]."  *Lintz v. Bank of America*, 2013 U.S. Dist. LEXIS 139717, at *29 (N.D. Cal. 2013).  These contentions are "merely … unsupported legal conclusion[s] unentitled to an assumption of truth."  *Id*.  The Court should therefore dismiss her claim.

## IV.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

A claim should be dismissed with prejudice where "any amendment would be an exercise in futility."  *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). This is just such an instance.  There are no facts alleged that are not precluded by the MSP provisions, barred by the statute of limitations, protected by the safe harbor and/or litigation privilege, nor is any conduct alleged unlawful, unfair, or fraudulent. The "basic facts are alleged and . . . plaintiff[] cannot cure the flaws in [her] pleading." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

## V.    CONCLUSION

For all the reasons discussed above, Defendants St. Joseph Hospital Orange and St. Joseph Health System respectfully request that the Court dismiss Plaintiff's claims against them with prejudice.

DATED: July 1, 2020

DAVIS WRIGHT TREMAINE LLP
JOHN R. TATE
KATHLEEN H. DRUMMY
ANNA R. BUONO


By:_____ /S John R. Tate_____
                        John R. Tate

Attorneys for Defendants
ST. JOSEPH HOSPITAL ORANGE
and ST. JOSEPH HEALTH SYSTEM
(erroneously sued as ST. JOSEPH
HEALTH)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899